IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                    CRIMINAL NO. 2:24-cr-00194

**MICHAEL DAVID BARKER**

### UNITED STATES' SENTENCING MEMORANDUM

Now comes the United States of America, by Gabriel Price, Assistant United States Attorney for the Southern District of West Virginia and submits this memorandum in aid of sentencing.

Pursuant to a plea agreement, defendant Michael David Barker pled guilty to a Count One of an eighteen-count Indictment, which said count charged him with Conspiracy to Commit Mail Fraud, a violation of 18 U.S.C. § 1349. The final Presentence Investigation Report (PSR) was submitted to the parties on October 27, 2025. The United States has no objections to the final PSR and is not aware of any remaining objections from the defendant.

I. **Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

　　(A)　**Nature and Circumstances of the Offense**

Michael David Barker, along with co-conspirator, Jesse Marks[1], took advantage of the Boone County Schools during a nationwide pandemic. During the Covid-19 pandemic, additional government funds were being given to schools to ensure that students and staff

---

[1] Jesse Marks plead guilty to the same charge in case number 2:25-cr-00006 and sentencing is scheduled for November 13, 2025.

were able to attend in person learning in a safe and clean environment. However, instead of those funds being used to make sure the schools were a safe place, Mr. Barker and Mr. Marks used this opportunity to enrich themselves at the expense of the Boone County Schools.

Over the course of approximately three and a half years, Mr. Barker and Mr. Marks received millions of dollars in payment from the Boone County Schools for products that were never delivered. Approximately 80% of the total products that Boone County Schools paid Jesse Marks to supply the schools were never delivered and never existed. The best estimate of the total amount of funds stolen through this scheme is $3,448,571.86. However, additional information revealed that a small number of products were taken directly from the Boone County School warehouse for authorized school uses. Based on this information, the United States and Mr. Barker agreed to amount of restitution of $3,400,000. The exact amount of loss cannot be calculated due to the limitations of the information kept by both Mr. Barker and Mr. Marks. Specifically, Mr. Barker, as the maintenance director of the school, did not keep any accurate inventory count for the products that were actually delivered and stored in the Boone County School's warehouse. Mr. Marks as owner and operator of his janitorial supply company also failed to keep accurate records of what supplies were being delivered and what were not. Due to Mr. Barker's improper

use of the inventory system and Mr. Marks' lack of record keeping, the estimated loss is 80% of the total amount billed. The estimated loss of 80% of missing product is also consistent with the statistical analysis based on the limited data that was able for review. For example, the three highest volume products of janitorial supplies, hand soap, facemasks, and trash can liners, the amount billed versus the amount used or in stock varies between approximately 15% to 25% of products actually delivered. However, the statistical analysis relied on documentation that would not have taken into consideration the small amounts of product that was intermittently taken directly from the warehouse during school related events and thus the reduction of $48,571.86 was based on that additional information.

The large amount of money stolen from a school district is serious and the purpose of the money, for use to make sure the school was clean and safe during the Covid-19 pandemic, adds to the egregious nature of the offense. Based on the nature and circumstances of this offense a sentence of 37 months, the middle of the guideline range, would be appropriate.

II. **The Need for the Sentence to Reflect the Seriousness of the Offense, To Promote Respect for the Law, and To Provide Just Punishment for the Offense**

The offense committed by Mr. Barker was extremely serious and the facts and surrounding circumstances of what was happening in our country and our schools at the time cannot be overlooked.

Although after being arrested on the indictment Mr. Barker was cooperative and acceptable responsibility almost immediately, that does not outweigh the magnitude of the amount of money stolen or the fact that it was stolen from a local school district, which breaks public trust. Therefore, a sentence at the middle of the guideline range would be sufficient but not greater than necessary to comply with the purposes of sentencing. Additionally, a sentence of 37 months would provide just punishment for the offense that Mr. Barker committed.

### III. Deterrence

A sentence of 37 months would also be sufficient to deter Mr. Barker from any continued criminal conduct. Aside from some minor traffic violations, Mr. Barker has no criminal history and is no longer employed with the Boone County Schools. A sentence at the middle of the guideline range will also deter others in the community from similar criminal conduct. Schools have a need to use many suppliers and contractors in order to operate. The sentence in this case will help deter other public employees from attempting similar schemes that may involve the theft of funds from schools and other public entities. A sentence of 37 months will act as a deterrent and show that dishonesty and theft by those who have positions of authority within the government will be treated as serious offenses. Additionally, a sentence of 37 months will also deter others who think that they are able to take

4

advantage of the government providing relief during a national or local emergency. As can be seen from the facts of this case, during a time of national crisis there exists opportunities for those with access to funds that are given to help the public to misuse and take those funds for their own gain. The theft of funds that should be used to help the public, and especially by those who have taken on a position that requires trust to use those funds for the public's best interest, not only deprives those of the needed help, but erodes the trust in our public institutions. A sentence of 37 months would help deter others from committing similar crimes.

## V.  Conclusion

The United States submits that a sentence of 37 months would be sufficient but not greater than necessary based on the factors listed in 18 U.S.C. § 3553(a).

The United States does not intend to call any witnesses at sentencing and believes the sentencing hearing can be conducted in thirty minutes.

>                     Respectfully submitted,
>
>                     MOORE CAPITO
>                     United States Attorney
>
>             By:  s/ Gabriel Price
>                     GABRIEL PRICE
>                     Assistant United States Attorney
>                     WV State Bar No. 14671
>                     300 Virginia Street, East
>                     Room 4000
>                     Charleston, WV  25301

5

```
                         Phone: 304-345-2200
                         Fax: 304-347-5104
                         E-mail: gabe.price@usdoj.gov
```

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "UNITED STATES' SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 3rd day of November 2025, to:

```
        Isaac Foreman
        P.O. Box 3983
        Charleston, WV  25339
        Telephone: (681) 265-3802
        E-mail: IForman@hfdrlaw.com
```

```
                         s/ Gabriel Price
                         GABRIEL PRICE
                         Assistant United States Attorney
                         WV State Bar No. 14671
                         300 Virginia Street, East
                         Room 4000
                         Charleston, WV  25301
                         Phone: 304-345-2200
                         Fax: 304-347-5104
                         E-mail: gabe.price@usdoj.gov
```