UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Criminal No. 2:24-cr-194

MICHAEL DAVID BARKER,

    Defendant.

### **DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Michael David Barker, through counsel, respectfully submits that a downward variance is appropriate and that a sentence of one year and one day is sufficient, not greater than necessary, and consistent with all the factors considered by this Court in imposing a sentence. Mr. Barker has no outstanding objections to the final presentence investigation report and does not intend to call any witnesses at sentencing.

**I. Background**

Mr. Barker is a hardworking and otherwise law-abiding citizen who committed a crime of opportunity, born out of greed. In his forty-eight years of life, Mr. Barker's previous criminal history is limited to a single speeding ticket. As a working member of the Local 80 Heat and Frost Insulator's Union – the same Union from which his father retired – Mr. Barker is a blue-collar worker who has been gainfully employed for the entirety of his adult life.

Although his family sometimes struggled financially during childhood, Mr. Barker had a good upbringing in which all his essential needs were met. He has no history of drug or alcohol use. Mr. Barker has one son who works as a master plumber and with whom he remains close. Mr. Barker has three young grandchildren.

Despite all these positive attributes and influences, Mr. Barker committed a crime motivated entirely by greed. In March of 2020, when the federal government allocated funding to local school boards for cleaning and janitorial supplies to combat the COVID-19 pandemic, Barker entered into an agreement with a vendor to submit false and inflated invoices to the Boone County Board of Education ("BCBE").

The scheme required a cooperating vendor, Jesse Marks, who received payment from BCBE and then paid Mr. Barker a portion of their ill-gotten gains. Mr. Barker's crime has already caused him to lose his job, sell his home, and has destroyed his marriage. It will now also cost him his freedom.

Although it was egregious, that error in judgment does not define Michael David Barker. He is a hard worker. In his adult life, Mr. Barker has never had an extended period of unemployment. He is devoted and loyal to his family. And he deeply regrets the decisions that led him to stand before the Court as a convicted felon to pray that this Court might exercise a degree of leniency.

**II.     The sentencing factors support a sentence of one year and one day.**

**a.     The nature and circumstances of the offense.**

Mr. Barker made a mistake for which he has taken full responsibility and for which he has already paid an enormous price. In March of 2020, when the federal government authorized funding for schools to combat the COVID-19 pandemic, Mr. Barker entered a scheme with a corrupt vendor to submit inflated invoices to the BCBE for janitorial and sanitary supplies. Notably, the COVID funding was not available for salaries, school lunches, curricular support, or for other general educational purposes. Although those funding restrictions are no excuse for Mr. Barker's conduct, it is relevant that the stolen funds did not come from the BCBE general fund and were not eligible to be used for general educational purposes. The BCBE has admitted that

Mr. Barker's conduct did not result in any substantial financial hardship to the BCBE. *See* U.S.S.G. § 2B1.1(b)(2).

Mr. Barker's cooperation with the authorities was immediate. Mr. Barker was awaiting the receipt of a target letter, which never came. In contrast with almost every criminal prosecution in this district, and for reasons which are still not understood by defense counsel, no target letter was ever issued in this case. As a result, on the same day that Mr. Barker was arrested and made his initial appearance, defense counsel notified AUSA Price of Mr. Barker's intention to enter into a plea agreement with the United States.[1]

### b. The history and characteristics of the defendant.

Mr. Barker has no criminal history, aside from a single speeding ticket. He is a blue-collar worker who grew up in Boone County and has been gainfully employed throughout his entire adult life. He is a lifelong member of the same insulators' union from which his father retired. He is currently working 60-hour weeks as an insulator at the John Amos Power Plant, to earn money to contribute toward his insurmountable restitution obligation. He is devoted to his family, with one adult son and three grandchildren.

Mr. Barker's criminal conduct has destroyed his marriage, cost him his job with the BCBE, and cost him his home, which he agreed to sell so that the proceeds can be put toward his restitution obligation. He currently lives with his parents. As a convicted felon, Mr. Barker has lost his rights to vote and to own firearms. When he completes his sentence, his employment prospects will be substantially diminished by his felony conviction. In short, Mr. Barker is a decent and hardworking man who succumbed to his own greed when he saw an opportunity to misappropriate funds that had been allocated by Congress to combat the COVID-19 pandemic. He has already suffered

---

[1] At sentencing, defense counsel intends to request a sidebar to address the cooperation provision contained in Mr. Barker's plea agreement.

substantial personal and financial consequences for that decision. He is preparing to go to federal prison for that decision. And his actions will follow him for the rest of his life.

    **c. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and avoid unwarranted sentencing disparities.**

A sentence of one year and one day will adequately meet all the goals of sentencing. Mr. Barker's crime is certainly egregious. The personal consequences to his family and his employment are already substantial. The financial consequences – a seven-figure dollar restitution obligation – will be ruinous.

A review of the available data from the Judiciary Sentencing Information database, ("JSIN") indicates that for 675 defendants with a similar guidelines' range, 43 received no prison sentence at all. Of those who did receive a sentence of incarceration, the average and median sentences (25 and 27 months, respectively) were both well below the range provided by the Sentencing Guidelines.

Given the significant number of defendants who received sentences of probation and the fact that similarly situated defendants across the country have consistently received substantial downward variances, Mr. Barker submits that a sentence of one year and one day will reflect the seriousness of the offense, promote respect for the law, provide just punishment and adequate deterrence, and avoid unwarranted disparities among similarly situated defendants.

## IV. Conclusion

Pursuant to the foregoing, Mr. Barker submits that a sentence of one year and one day is sufficient, not greater than necessary in this matter, and would be consistent with all of the factors considered by this Court in imposing a sentence.

**Respectfully Submitted,**

**MICHAEL DAVID BARKER,**

**By Counsel,**

/s/ Isaac R. Forman
Isaac R. Forman (WVSB #11668)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
iforman@hfdrlaw.com